UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLORADO BOXED BEEF COMPANY,

    Plaintiff,

    v.                                        Case No.:  8:07-cv-00223-T-24-MAP

G. MICHAEL COGGINS, ROBERT J.
ZEMAN, and SHERWOOD FOOD
DISTRIBUTORS,

    Defendants.

_____/

**<u>ORDER</u>**

        This cause comes before the Court on Plaintiff's Motion for Temporary Restraining Order.  (Doc. No. 14).  In this motion, Plaintiff seeks a temporary restraining order and a preliminary injunction.  Defendants oppose the motion. (Doc. No. 20, 21).  On March 22, 2007, the Court held a hearing on the motion to the extent that Plaintiff requested a temporary restraining order.

        Plaintiff seeks a temporary restraining order in order to enjoin Defendants Robert Zeman and G. Michael Coggins from (1) working for or assisting Defendant Sherwood Food Distributors or any other competitor in any state east of the Mississippi River, (2) disclosing or using Plaintiff's confidential information, and (3) soliciting or encouraging Plaintiff's employees or customers from terminating their relationships with Plaintiff.  Plaintiff bases its request for relief on the non-compete, non-solicitation, and confidentiality agreements signed by Defendants Zeman and Coggins.

        To obtain a temporary restraining order, Plaintiff must show:  (1) that it has a substantial likelihood of success on the merits, (2) that it will suffer irreparable harm unless the relief is

granted, (3) that the threatened injury outweighs any harm to Defendants, and (4) that a temporary restraining order will serve the public interest. See Schiavo ex re. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citation omitted). As stated at the hearing, the Court denies Plaintiff's motion to the extent that it seeks a temporary restraining order, because Plaintiff has not yet shown a substantial likelihood of success on the merits[1] and because there is a question as to whether Plaintiff will suffer irreparable harm if the restraining order is not issued prior to any further evidentiary submissions (especially given the length of delay in filing the motion for a temporary restraining order[2]). As such, the Court finds that the motion for temporary restraining order should be denied. However, the Court makes no findings at this time as to the appropriateness of a preliminary injunction.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. 14) is **DENIED** to the extent that Plaintiff seeks a temporary restraining order. The Court **DEFERS** ruling on the motion (Doc. No. 14) to the extent that Plaintiff seeks a preliminary injunction.

**DONE AND ORDERED** this 22nd day of March, 2007.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[1] The Court still has questions about a number of allegations in this case (including the proper interpretation of the non-compete, non-solicitation, and confidentiality agreements and the employment agreements at issue in this case), and further evidentiary submissions would be helpful in determining whether Plaintiff has a substantial likelihood of success on the merits of its claims.

[2] It appears to the Court that Plaintiff was aware of facts that would support its motion for a temporary restraining order at the time that it filed this case (January 10, 2007); however, it did not file the instant motion for temporary restraining order until March 13, 2007.